1  ASCENSION LAW GROUP
   PAMELA TSAO( 266734)
2  2030 E. 4th Street
   Suite 205
3  Santa Ana, CA 92705
   PH: 714.783.4220
4  FAX: 888.505.1033
   Pamela.Tsao@ascensionlawgroup.com
5
   Attorneys for Plaintiff  HOANG MINH LE
6

7

8              **UNITED STATES DISTRICT COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10

11  HOANG MINH LE, an individual          )   Case No.:  5:15-cv-1628
                                          )
12              Plaintiff,                 )   **VERIFIED COMPLAINT FOR**
                                          )
13      vs.                                )   **(1) PRELIMINARY AND PERMANENT**
                                          )   **INJUNCTIVE RELIEF AND**
14                                         )   **DAMAGES**
    ROBKAT HARBOR LLC, a limited          )
15  liability company; and DOES 1 through )   **(2) VIOLATION OF THE UNRUH**
    10,                                    )   **CIVIL RIGHTS ACT (CALIFORNIA**
16                                         )   **CIVIL CODE §§ 51, 52);**
                                          )
17              Defendants.                )   **(3) VIOLATIONS OF THE**
                                          )   **AMERICANS WITH DISABILITIES**
18                                         )   **ACT OF 1990**
                                          )
19                                         )
                                          )
20                                         )
                                          )
21                                         )
                                          )
22                                         )
                                          )
23                                         )
                                          )
24

25

26

27

28

**COMPLAINT**
**5:15-CV-1628**

## I.
## SUMMARY

1.      This is a civil rights action by plaintiff Hoang Minh Le ("Plaintiff") for discrimination at the building, structure, facility, complex, property, land, development, and/or surrounding business complex known as: 2330 S. Harbor Blvd., Anaheim CA 92802 (the "Property"), from which the business "Del Taco Fast Food" operates.

2.      Plaintiff seeks damages, injunctive and declaratory relief, attorney's fees and costs pursuant to the Americans with Disabilities Act of 1990 (42 U.S.C. §§ 12101, et seq.) and related California statutes against defendant, the tenant and/or owner of the Property, ROBRAT HARBOR, LLC.("Defendant").

## II.
## JURISDICTION

3.      This Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1343 for ADA claims.

4.      Supplemental jurisdiction for claims brought under parallel California law – arising from the same nucleus of operative facts – is predicated on  28 U.S.C § 1367.

5.      Plaintiff's claims are authorized by 28 U.S.C. §§ 2201 and 2202.

## III.
## VENUE

6.      All actions complained of herein take place within the jurisdiction of the United States District Court, Central District of California, and venue is invoked pursuant to 28 U.S.C. § 1391(b), (c).

## IV.
## PARTIES

7.      Defendant is, or was at the time of the incident, the owners, operators, lessors and/or lessees of the Property, and consist of a person (or persons), firm,

**1**
**COMPLAINT**
**5:15-CV-1628**

1    company, and/or corporation.

2        **8.**     Plaintiff is a T-12 paraplegic, and as a result is unable to walk or stand, and thus requires a use of a wheelchair at all times when traveling in public.  Plaintiff is "physically disabled" as defined by all applicable California and United States laws, and a member of the public whose rights are protected by these laws.

        **9.**     Plaintiff does not know the true names of Doe Defendants, their business capacities, their ownership connection to the property and business, or their relative responsibilities in causing the access violations herein complained of, and alleges a joint venture and common enterprise by all such Defendants.  Plaintiff is informed and believes that each of the Defendants herein, including Does 1 through 10, inclusive, is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief.  Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of the Defendants and Does 1 through 10, inclusive, are ascertained.

**V.**

**FACTS**

        **10.**    On September 13, 2015, Plaintiff attempted to patronize the Property. The Property is a sales or retail establishment, open to the public, which is intended for nonresidential use and whose operation affects commerce.

        **11.**    Plaintiff visited the Property and encountered barriers (both physical and intangible) that interfered with – if not outright denied – Plaintiff's ability to use and enjoy the goods, services, privileges and accommodations offered at the facility.  To the extent known by Plaintiff, the barriers at the Property included, but are not limited to the following:

           a. The access aisle and/or accessible parking spaces have slopes and cross slopes that exceed 2.0%, including but not limited to ramps that protrude into access aisles creating excessive sloping.  Without a level parking space, it becomes difficult for Plaintiff to unload/transfer from his vehicle

**2**
**COMPLAINT**
**5:15-CV-1628**

as his wheelchair rolls.

    **b.**  The access aisles accompanying the accessible parking are not completely flat.  There are curb ramps that protrude into the access aisles.  This protrusion into the access aisle makes it difficult for Plaintiff to unload/transfer out of his vehicle.

    **c.**  Ramps do not have appropriate railings. Without proper railings it makes it difficult for Plaintiff to ascend up the ramp as it can cause Plaintiff to roll back.

    **12.**    These barriers to access are listed without prejudice to plaintiff citing additional barriers to access after inspection by plaintiff's access consultant, per the 9th Circuits standing standards under Doran v. 7-Eleven, Inc. 524 F.3d 1034 (9th Cir. 2008).  These barriers prevented Plaintiff from enjoying full and equal access to the Property.

    **13.**    Plaintiff was deterred from visiting the Property as a result of the accessible barriers he encountered.  He continues to be deterred from visiting the Property because of the future threats of injury created by these barriers.

    **14.**    Defendant knew that these elements and areas of the Property were inaccessible, violate state and federal law, and interfere with (or deny) access to the physically disabled.  Moreover, Defendant has the financial resources to remove these barriers from the Property (without much difficult or expense), and make the Property accessible to the physically disabled.  To date, however, the Defendant refuses to remove those barriers.

    **15.**    At all relevant times, Defendant has possessed and enjoyed sufficient control and authority to modify the Property to remove impediments to wheelchair access and to comply with the Americans with Disabilities Act Accessibility Guidelines and Title 24 regulations.  Defendant has not removed such impediments and has not modified the Property to conform to accessibility standards.

**VI.**

3

## FIRST CAUSE OF ACTION: DAMAGES AND INJUNCTIVE RELIEF FOR DENIAL OF FULL AND EQUAL ACCESS TO PUBLIC FACILITIES IN A PUBLIC ACCOMMODATION

**(California Health & Safety Code § 19955, et seq. California Civil Code § 54 *et seq.,*.)**

**16.**     Plaintiff incorporates the allegations contained in paragraphs 1 through 13 for this claim.

**17.**     Plaintiff is unable to use public facilities on a "full and equal" basis unless each such facility is in compliance with the provisions of California Health & Safety Code §§ 19955 et seq.  Plaintiff is a member of that portion of the public whose rights are protected by the provisions of Health & Safety Code §§ 19955, et seq.

**18.**     Health & Safety Code §§ 19955 and 19955.5 were enacted "[t]o ensure that public accommodations or facilities constructed in this state with private funds adhere to the provisions of Chapter 7 (commencing with Section 4450) of Division 5 of Title 1 of the Government Code."  On information and belief, the provisions of both Healthy and Safety Code §§ 19955 and 19955.5 apply to the Property.  The code relating to such public accommodations also require that "when sanitary facilities are made available for the public, clients, or employees …, they shall be made available for persons with disabilities."  Title 24, California Code of Regulations, formerly known as the California Administrative Code, was in effect at the time of each alteration which, on information and belief, occurred at such public facility since July 1, 1982, thus requiring access complying with the specifications of Title 24 whenever each such "alteration, structural repair or addition" was carried out.  On information and belief, Defendant, and/or their predecessors in interest carried out alterations, structural repairs, or additions to the building during the period Title 24 has been in effect.  On information and belief, alterations, structural repairs, or additions which triggered access requirements also occurred between July 1, 1970 and July 1, 1982

**4**

and required access pursuant to the A.S.A. (American Standards Association) Regulations then in effect pursuant to the incorporated provisions of California Government Code §§ 4450 et seq. and California Health & Safety Code §§ 19959.

19.     Title III of the ADA holds as a "general rule" that no individual shall be discriminated against on the basis of disability in the full and equal enjoyment (or use) of goods, services, facilities, privileges, and accommodations offered by any person who owns, operates, or leases a place of public accommodation.  42 U.S.C. § 12182(a).

20.     Further, each and every violation of the Americans With Disabilities Act of 1990 (as pled in the Second Cause of Action, *infra,* the contents of which are repled and incorporated herein, word for word, as if separately repled), also constitutes a separate and distinct violation of California Civil Code § 54(c), thus independently justifying an award of damages and injunctive relief pursuant to California law, including but not limited to Civil Code §§ 52, 54.3.

21.     Further, each and every violation of the Americans With Disabilities Act of 1990 (as pled in the Second Cause of Action herein below, the contents of which are repled and incorporated herein, word for word, as if separately repled), also constitutes a separate and distinct violation of Civil Code § 54.1(d), thus independently justifying an award of damages and injunctive relief pursuant to California law, including but not limited to Civil Code §§ 52, 54.3.

## VII.

## SECOND CAUSE OF ACTION: VIOLATION OF CALIFORNIA LAW INCLUDING: THE UNRUH ACT, CIVIL CODE §§ 51, 52 AND THE AMERICANS WITH DISABILITIES ACT AS INCORPORATED BY CIVIL CODE SECTION 51(f)

22.     Plaintiff incorporates the allegations contained in paragraphs 1 through 19 for this claim and incorporates them herein.

23.     At all times relevant to this complaint, California Civil Code § 51 has

**5**

provided that physically disabled persons are free and equal citizens of the state, regardless of disability or medical condition:

> All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, or medical condition are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever. Cal. Civ. Code § 51(b).

24.    California Civil Code § 52 provides that the discrimination by Defendant against Plaintiff on the basis of his disabilities constitutes a violation of the anti-discrimination provisions of §§ 51 and 52.

25.    Defendant's discrimination constitutes a separate and distinct violation of California Civil Code § 52 which provides that:

> Whoever denies, aids or incites a denial, or makes any discrimination or distinction contrary to section 51, 51.5 or 51.6 is liable for each and every offense for the actual damages, and any amount that may be determined by a jury, or a court sitting without a jury, up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000) and any attorney's fees that may be determined by the court in addition thereto, suffered by any person denied the rights provided in Section 51, 51.5 or 51.6.

26.    Any violation of the Americans with Disabilities Act of 1990 (as pled in the Third Cause of Action) constitutes a violation of California Civil Code § 51(f) thus independently justifying an award of damages and injunctive relief pursuant to California law. Per § 51(f), "[a] violation of the right of any individual under the Americans with Disabilities Act of 1990 … shall also constitute a violation of this section."

27.    The actions and omissions of Defendant as herein alleged constitute a

**6**

denial of access to and use of the described public facilities by physically disabled persons within the meaning of California Civil Code §§ 51 and 52.  As a proximate result of Defendant's action and omissions Defendant has discriminated against plaintiffs in a violation of Civil Code §§ 51 and 51.

## VIII.

## THIRD CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 USC §§ 12101 *et seq.*)

**28.**     Plaintiff incorporates the allegations contained in paragraphs 1 through 25 for this claim and incorporates them herein.

**29.**     As part of the Americans with Disabilities Act of 1990 ("ADA"), Congress passed "Title III – Public Accommodations and Services Operated by Private Entities."  42 U.S.C. § 12181 et seq.  The Property is one of the "private entities" which are considered "public accommodations" for purposes of this title, which includes any "restaurant, bar, or other sales or rental establishment serving food or drink."  § 301(7)(B).

**30.**     The ADA states that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation."  42 U.S.C. § 12182.

**31.**     The acts and omissions of Defendant set forth herein were in violation of plaintiff's rights under the ADA and the regulations promulgated thereunder, 28 CFR Part 36 *et seq.*

**32.**     The removal of each of the barriers complained of by plaintiff as hereinabove alleged, were at all times herein mentioned "readily achievable" under the standards §§ 30 l and 302 of the ADA. As noted hereinabove, removal of each and every one of the architectural barriers complained of herein were also required under California law. Further, on information and belief, alterations, structural repairs or

**7**

additions since January 26, 1993 have also independently triggered requirements for removal of barriers to access for disabled persons per § 303 of the ADA. In the event that removal of any barrier is found to be "not readily achievable," Defendant still violated the ADA, per§ 302(b )(2)(A)(v) by failing to provide all goods, services, privileges, advantages and accommodations through alternative methods that were readily achievable.

33.    On information and belief, as of the date of plaintiffs encounter at the subject premises and as of the filing of this Complaint, the premises have denied and continue to deny full and equal access to plaintiff and to other disabled persons, including wheelchair users, in other respects, which violate plaintiff's rights to full and equal access and which discriminate against plaintiff on the basis of his disability, thus wrongfully denying to plaintiff the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations, in violation of§§ 302 and 303 of the ADA. 42 USC§§ 12182 and 12183.

34.    On information and belief, Defendant has continued to violate the law and deny the rights of plaintiff and other disabled persons to access this public accommodation since on or before plaintiff's encounters, as previously noted. Pursuant to the ADA, § 308, 42 USC 12188 *et seq.,* plaintiff is entitled to the remedies and procedures set forth in§ 204(a) of the Civil Rights Act of 1964, 42 USC 2000(a)-3(a), as plaintiff is being subjected to discrimination on the basis of disability in violation of the ADA or has reasonable grounds for believing that he is about to be subjected to discrimination. Pursuant to § 308(a)(2), "In cases of violations of§ 302(b )(2)(A)(iv) and § 303(a) ... injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this title."

35.    Plaintiff seeks relief pursuant to remedies set forth in§ 204(a) of the Civil Rights Act of 1964, 42 USC 2000(a)-3(a), and pursuant to Federal Regulations adopted to implement the Americans with Disabilities Act of 1990. Plaintiff is a

qualified disabled person for purposes of § 308(a) of the ADA who is being subjected to discrimination on the basis of disability in violation of Title III and who has reasonable grounds for believing he will be subjected to such discrimination each time that he may attempt to use the property and premises.

## PRAYER

WHEREFORE, Plaintiff prays that this court award damages and provide relief as follows:

1.  Issue a preliminary and permanent injunction directing Defendant as current owners, operators, lessors, and/or lessees of the property and premises to modify the above described property and premises and related facilities so that each provides full and equal access to all persons, including but not limited to persons with physical disabilities who use wheelchairs, and issue a preliminary and permanent injunction directing Defendant to provide and maintain facilities usable by plaintiff and similarly situated persons with disabilities, and which provide full and equal access, as required by law, including appropriate changes in policy;

2.  Retain jurisdiction over the Defendant until such time as the Court is satisfied that Defendant's unlawful policies, practices, acts and omissions, and maintenance of inaccessible public facilities as complained of herein no longer occur, and can not recur;

3.  Award to Plaintiff all appropriate damages, including but not limited to statutory damages, general damages and treble damages in amounts within the jurisdiction of this Court, all according to proof;

4.  Award to Plaintiff all reasonable statutory attorney fees, litigation expenses, and costs of this proceeding as provided by law;

///

**9**

5.  Award to plaintiff prejudgment interest pursuant to California Civil 17 Code§ 3291;

6.  Grant such other and further relief as this Court may deem just and proper.

ASCENSION LAW GROUP, PC

DATE: November 19, 2015

_____/s/ Pamela Tsao_____

Pamela Tsao, attorney for Plaintiff

HOANG MINH LE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury for all claims for which a jury is permitted.


ASCENSION LAW GROUP, PC

DATE: August 26, 2015

_____/s/ Pamela Tsao_____

Pamela Tsao, attorney for Plaintiff

HOANG MINH LE